# UNITED STATES DISTRICT COURT
# DISTRICT OF NEBRASKA

| | |
|---|---|
| MATTHEW FONTENOT, Individually and on Behalf of All Others Similarly Situated,<br><br>v.<br><br>MCNEIL INDUSTRIAL, INC. | CASE NO: _____<br>COLLECTIVE ACTION (29 U.S.C. § 216(b)) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Plaintiff Matthew Fontenot ("Fontenot") brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA") against Defendant McNeil Industrial, Inc., ("McNeil").

2. Fontenot and the other workers like him regularly worked for McNeil in excess of 40 hours each week.

3. But these workers never received overtime for hours worked in excess of 40 hours in a single workweek.

4. Instead of paying overtime as required by the FLSA, McNeil improperly classified these workers as independent contractors and paid them the same hourly rate for all hours worked, including those hours in excess of 40 hours in a workweek.

5. Fontenot brings this collective action the unpaid overtime wages and other damages owed to these workers.

### JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because McNeil is

headquartered in this District and Division.

## THE PARTIES

8.      Fontenot worked exclusively for McNeil as a Welder (sometimes referred to as a "Rig Welder") from approximately May 2016 until March 2017. Throughout his employment with McNeil, he was improperly classified as an independent contractor and paid the same hourly rate for all hours worked, including those in excess of 40 hours in a single workweek. His consent to be a party plaintiff is attached as Exhibit A.

9.      Fontenot brings this action on behalf of himself and all other similarly situated workers who were classified as independent contractors and paid by McNeil's "straight time for overtime" system. McNeil paid each of these workers the same hourly rate for all hours worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA. The class of similarly situated employees ("Putative Class Members") consists of:

> **Current and former personnel employed by, or working on behalf of, McNeil Industrial, Inc., during the past three years who were classified as independent contractors and paid "straight time for overtime" (i.e., the same hourly rate for all hours worked including those over 40 hours in a single workweek).**

10.     McNeil is a Nebraska corporation doing business throughout the United States. McNeil may be served by serving its registered agent for service of process: **Registered Agent Solutions, Inc., 5601 South 59th Street, Suite C, Lincoln, Nebraska 68516.**

## COVERAGE UNDER THE FLSA

11.     For at least the past three years, McNeil has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12.     For at least the past three years, McNeil has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. For at least the past three years, McNeil has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

14. For at least the past three years, Fontenot and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

15. McNeil treated Fontenot and the Putative Class Members as employees and uniformly dictated the pay practices to which Fontenot and its other employees (including its so-called "independent contractors") were subjected.

16. McNeil's misclassification of Fontenot as an independent contractor does not alter its status as an employer for purposes of this FLSA collective action.

## FACTS

17. McNeil provides full service industrial refrigeration services to its clients throughout North America. To complete its business objectives, McNeil hires personnel to perform the necessary work.

18. Many of these individuals worked for McNeil as "independent contractors" on an hourly basis who were paid the same hourly rate for all hours worked (including for those hours in excess of 40 hours each week) and make up the proposed Putative Class. While exact job titles and job duties may differ, these workers are subjected to the same or similar illegal pay practices for similar work.

19. For instance, McNeil classified all of its Welders as independent contractors and paid them the same hourly rate for all hours worked, including those hours in excess of 40 hours in a workweek, and failed to provide them with overtime pay for hours that they worked in excess of 40 hours in a workweek.

20. As an example, Fontenot worked exclusively for McNeil from approximately May 2016 until March 2017 as a Welder. Throughout his employment with McNeil, he was classified as an independent contractor and paid the same hourly rate for all hours worked, including for those hours he worked in excess of 40 in a single workweek. Fontenot was never paid on a salary basis. He never received any guaranteed weekly compensation from McNeil irrespective of days worked (i.e., the only compensation he received was the hourly rate he was assigned for all hours he worked).

21. As a Welder, Fontenot's primary job duties (and the job duties of all other Welders employed by McNeil who were classified as independent contractors and paid a "straight time for overtime") included welding pipe, valves, and support beams and setting up meter stations and tanks. The day-to-day activities of the Putative Class Members were conducted within designated parameters.

22. Fontenot regularly worked well in excess of 40 hours each week while employed by McNeil.

23. The work Fontenot performed was an essential part of McNeil's core business.

24. During Fontenot's employment with McNeil while he was classified as an independent contractor, McNeil exercised control over all aspects of his job. McNeil did not require any substantial investment by Fontenot for him to perform the work required of him.

25. Fontenot was not required to possess any unique or specialized skillset (other than that maintained by all other Welders) to perform his job duties.

26. McNeil determined Fontenot's opportunity for profit and loss.

27. Indeed, McNeil controlled all the significant or meaningful aspects of the job duties performed by Fontenot.

28. McNeil ordered the hours and locations Fontenot worked, tools used, and rates of pay received.

29. McNeil controlled all aspects of Fontenot's job activities by enforcing mandatory compliance with McNeil's policies and procedures.

30. No real investment was required of Fontenot to perform his job.

31. McNeil made the large capital investments in buildings, machines, equipment, tools, and supplied in the business in which Fontenot worked.

32. Fontenot did not incur operating expenses like rent, payroll, and marketing.

33. Fontenot was economically dependent on McNeil during his employment.

34. McNeil set Fontenot's rates of pay, his work schedule, and prohibited him from working other jobs for other companies while he was working on jobs for McNeil.

35. McNeil directly determined Fontenot's opportunity for profit and loss. Fontenot's earning opportunity was based on the jobs McNeil scheduled him to work.

36. Very little skill, training, or initiative was required of Fontenot to perform his job duties.

37. Indeed, the daily and weekly activities of the Putative Class Members were routine and largely governed by standardized plans, procedures, and checklists created by McNeil.

38. Virtually every job function was pre-determined by McNeil, including the tools to use at a job site, the data to compile, the schedule of work, and related work duties.

39. The Putative Class Members were prohibited from varying their job duties outside of the pre-determined parameters. Moreover, the job functions of the Putative Class Members were

primarily manual labor/technical in nature, requiring little to no official training, much less a college education or other advanced degree.

40. The Putative Class Members did not have any supervisory or management duties.

41. For the purposes of an FLSA overtime claim, the Putative Class Members performed substantially similar job duties related to the provision of industrial refrigeration services.

42. Fontenot performed routine manual and technical labor duties that were largely dictated by McNeil.

43. Fontenot worked exclusively for McNeil from approximately May 2016 until March 2017 as an independent contractor.

44. Fontenot was not employed by McNeil on a project-by-project basis.

45. In fact, while Fontenot was classified as an independent contractor, he was regularly on call for McNeil and was expected to drop everything and work whenever needed.

46. All of the Putative Class Members perform the same or similar job duties and are subjected to the same or similar policies and procedures which dictate the day-to-day activities performed by each person.

47. The Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice. The Putative Class Members all worked in excess of 40 hours each week and were often scheduled for 12-hour shifts, for weeks at a time. Instead of paying them overtime, McNeil paid the Putative Class Members on an hourly basis and paid them "straight time for overtime." McNeil denied the Putative Class Members overtime for any hours worked in excess of 40 hours in a single workweek.

48. McNeil's policy of failing to pay its independent contractors, including Fontenot, overtime violates the FLSA because these workers are, for all purposes, employees performing non-exempt job duties.

49. It is undisputed that the contractors are maintaining and working with industrial machinery, performing manual labor, and working long hours on location.

50. Because Fontenot (and McNeil's other independent contractors) was misclassified as an independent contractor by McNeil, he should receive overtime for all hours that he worked in excess of 40 hours in each workweek.

51. McNeil's "straight time for overtime" system violates the FLSA because Fontenot and the other Welders did not receive any pay for hours worked over 40 hours each week.

## FLSA Violations

52. As set forth herein, McNeil has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than 1.5 times the regular rates for which they were employed.

53. McNeil knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative Class Members overtime compensation. McNeil's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

54. Accordingly, Fontenot and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees, and costs.

## Collective Action Allegations

55. Numerous employees have been victimized by this pattern, practice and policy which are in willful violation of the FLSA. Many of these employees have worked with Fontenot and have

reported that they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA.

56. From his observations and discussions with these employees, Fontenot is aware that the illegal practices or policies of McNeil have been imposed on the Putative Class Members.

57. The Putative Class Members all were classified as independent contractors, received "straight time for overtime," regularly worked in excess of 40 hours per week, and were not paid overtime compensation. These employees are victims of McNeil's unlawful compensation practices and are similarly situated to Fontenot in terms of relevant job duties, pay provisions, and employment practices.

58. McNeil's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the Putative Class Members. Thus, Fontenot's experiences are typical of the experiences of the Putative Class Members.

59. The specific job titles or precise job locations of the various Putative Class Members does not prevent collective treatment. All the Putative Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

### JURY DEMAND

60. Fontenot demands a trial by jury and trial setting in Lincoln, Nebraska.

### RELIEF SOUGHT

61. WHEREFORE, Fontenot prays for judgment against McNeil as follows:

    (a) For an order allowing this action to proceed as a collective action and directing notice to the class;

(b)     For an order pursuant to Section 16(b) of the FLSA finding McNeil liable for unpaid back wages, and an equal amount of liquidated damages, due to Fontenot and the class members;

(c)     For an order awarding Fontenot and the class members the costs of this action;

(d)     For an order awarding Fontenot and the class members their attorneys' fees;

(e)     For an order awarding Fontenot and the class members unpaid benefits and compensation in connection with the FLSA and state law violations;

(f)     For an order awarding Fontenot and the class members pre- and post-judgment interest at the highest rates allowed by law; and

(g)     For an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ Brian E. Jorde
    Brian E. Jorde
    Nebraska State Bar No. 23613
    Christian T. Williams
    Nebraska State Bar No. 25002
    **DOMINALAW GROUP PC LLO**
    2425 South 144th Street
    Omaha, Nebraska 68144
    402-493-4100 – Telephone
    402-493-9782 – Facsimile
    bjorde@dominalaw.com
    cwilliams@dominalaw.com

    -and-

    Michael A. Josephson
    Texas State Bar No. 24014780
    (*Admission Pro Hac Vice Pending*)
    Lindsay R. Itkin
    Texas State Bar No. 24068647
    (*Admission Pro Hac Vice Pending*)
    **JOSEPHSON DUNLAP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile

mjosephson@mybackwages.com
litkin@mybackwages.com

-and-

Richard J. (Rex) Burch
Texas Bar No. 24001807
(*Admission Pro Hac Vice Pending*)
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

# EXHIBIT A

## CONSENT TO JOIN WAGE CLAIM

Print Name: __Matthew fontenot__

1. I hereby consent to participate in a collective action lawsuit against __McNeil Industrial__ to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act, and consent to be bound by the Court's decision.

3. I designate the law firm and attorneys at JOSEPHSON DUNLAP as my attorneys to prosecute my wage claims.

4. I authorize the law firm and attorneys at JOSEPHSON DUNLAP to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against the company.

Signature: __Matthew fontenot (Jul 18, 2017)__   Date Signed: __Jul 18, 2017__