IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MATTHEW FONTENOT, Individually and on Behalf of All Others Similarly Situated;<br><br>Plaintiff,<br><br>vs.<br><br>MCNEIL INDUSTRIAL, INC.,<br><br>Defendant. | **4:17CV3113**<br><br>**FINDINGS AND RECOMMENDATION AND ORDER** |

This matter is before the Court on Plaintiff's Motion for Conditional Certification and Notice to Putative Class Members (Filing No. 24.)  For the reasons explained below, the undersigned will recommend that the motion be granted.

**BACKGROUND**

Defendant specializes in full service industrial refrigeration services.  To provide these services, Defendant employs welders.  The welders, who Defendant classifies as independent contractors, are engaged to perform welding services on a project-by-project basis.  Because Defendant's clients are located throughout North America, the welders do not provide their welding services at the same location.  Due to variances in projects and locations, welders' hours may differ depending on the project to which they are assigned.  Plaintiff worked for Defendant as a welder from approximately May, 2016 through March, 2017.

On August 24, 2017, Plaintiff filed this suit against Defendant on behalf of himself and other similarly situated workers under the Fair Labor Standards Act ("FLSA") for unpaid overtime wages.  Plaintiff generally contends that Defendant misclassified Plaintiff, and similarly situated workers, as independent contractors (instead of employees) and paid them the same hourly rate for all hours worked (*i.e.* straight time for overtime).  Plaintiff contends that Defendant's unlawful classification policy denied Plaintiff and other welders of overtime wages and employment benefits.

Plaintiff has moved for conditional certification of a collective action under 29 U.S.C. § 216(b), and for an order approving his proposed notice and consent forms for putative class members.  Plaintiff seeks to represent and provide notice to a class defined to include:

> All current and former welders employed by, or working on behalf of, [Defendant], who were classified as independent contractors and paid the same hourly rate for all hours worked (including hours in excess of 40 hours in a single workweek) and no overtime compensation at any time from _____ 2015[1] to the present.

(Filing No. 24.)

## DISCUSSION

### 1.    Conditional Certification

Under the FLSA, a collective action for overtime compensation may be maintained by one or more employees on "behalf of himself or themselves and other employees similarly situated." 29 U.S.C. §216(b).  "The district court, in its discretion, may authorize the named plaintiffs to transmit notice of the lawsuit to other potential claimants upon a showing the named plaintiffs are similarly situated to the others whom they seek to represent."  *Morales v. Greater Omaha Packing Co., Inc*., No. 8:08CV88, 8:08CV161, 2009 WL 1650016, *3 (D. Neb. June 9, 2009).

Courts follow a two-step process when deciding whether named plaintiffs in an FLSA action are "similarly situated" to other potential plaintiffs.  *See Martinez v. Cargill Meat Solutions*, 265 F.R.D. 490, 496 (D. Neb. 2009).

> At the first stage, a class is conditionally certified on a relatively minimal showing, and then prospective plaintiffs can opt in to the action by filing consent forms.  At the second stage, which almost always follows substantial discovery, plaintiffs must make a stronger showing to continue to proceed on a collective basis.  If plaintiffs cannot make this stronger showing at the second stage, the conditionally certified class is decertified.  Typically the second stage is triggered when the defendant moves to decertify the conditionally certified class.

---

[1] Plaintiff asserts that this date represents three years back from the date that a court-approved notice and consent form is distributed to potential class members.

*Parler v. KFC Corp.*, 529 F. Supp.2d 1009, 1011 (P. Minn. 2008) (internal citation omitted).

"[T]he first stage or 'notice stage' may be based only on the pleadings and any affidavits in the record." *Morales*, 2009 WL 1650016 at *4. At this stage, the court determines "whether there are 'other employees of the defendant-employer who desire to opt-in and are similarly situated [to the named plaintiff] with respect to their job requirements and with regard to their pay provisions.'" *Martinez*, 265 F.R.D. at 496 (quoting *Dybach v. State of Fla. Dept. of Corrections*, 942 F.2d 1562 (11th Cir. 1991). "The burden is on the plaintiffs to demonstrate they and the potential opt-in plaintiffs were together victims of a single unlawful decision, policy, or plan." *Id.* "Although the standard for satisfying the first step is lenient, plaintiffs must present more than mere allegations; i.e., some evidence to support the allegations is required." *Id.* (quotation omitted).

Defendant argues that conditional certification is improper because Plaintiff has not shown that there are other welders who would like to opt-in to this action. Defendant notes that Plaintiff did not submit affidavits from other welders suggesting a desire to opt-in, whereas Defendant submitted affidavits from approximately twenty welders stating that they have no interest in participating in this litigation.[2] (Filing No. 34.)

Having reviewed the materials submitted, the undersigned finds that Plaintiff has sufficiently shown that other welders may want to participate in this action. Plaintiff's affidavit offered in support of this motion states:

> I have spoken with several former co-workers who worked for [Defendant] as welders who received a straight time for overtime hours worked. Through these conversations, I know that there is a general interest among the welders in recovering back wages that we are entitled to through this collective action. Based on these

---

[2] Plaintiff contends that Defendant's counsel unlawfully communicated with employees to obtain these declarations. Plaintiff argues in his reply brief that Defendant should be ordered to (1) provide the contact information for the declarants and (2) show cause as to the circumstances under which the declarations were obtained. Plaintiff also requests that the Court strike the declarations and prohibit Defendant and its attorneys from communicating with potential class members regarding the subject matter of this action. (Filing No. 35 at CM/ECF p. 6.) The Court declines to award Plaintiff this relief. Plaintiff did not file a proper motion seeking this relief, nor is the Court persuaded at this time that such relief would be appropriate.

conversations, I believe that other . . . welders would be interested to learn about
their rights and their opportunity to join this lawsuit.

(Filing No. 24-3.)  Moreover, on February 1, 2018, Plaintiff submitted a Consent to Join Wage
Claim signed by Zach Peterson, who is presumably a welder currently or formerly employed by
Defendant.  In the Consent, Mr. Peterson declares his desire to participate in a collective action
lawsuit against Defendant to pursue his claims for unpaid overtime.  (Filing No. 20.)  Although
Defendant presented affidavits from multiple individuals stating they do not wish to participate in
this case, these declarations do not preclude conditional certification.  *See Butcher v. Delta
Memorial Hosp.*, No. 5:12CV00241, 2013 WL 1668998 SWW, *3-4 (E.D. Ark. Apr. 17, 2017)
(recognizing that "district courts within the Eighth Circuit differ as to whether and by what means
a plaintiff must demonstrate that similarly-situated individuals are interested in joining the proposed
collective action" and that "courts have granted conditional certification based on a single affidavit
or consent to join the case by at least one similarly-situated individual").


Defendant further argues that conditional certification should be denied because the
determination of whether welders were misclassified would require individualized proof.  To
support this position, Defendant points out that welders are engaged on a project-by-project basis
and do not work on the same project at the same time.  Defendant notes that the number of hours
and length of time the welders are providing services may vary significantly, and that there are
differences between each welder's level of investment in tools and equipment.  Defendant also
states that welders offer their services through a variety of business entity structures.  According to
Defendant, given these circumstances, this Court cannot resolve the misclassification question
without individualized determinations.   The undersigned is not persuaded by Defendant's
argument.


Numerous courts have concluded that the question of whether a worker was improperly
classified as an independent contractor goes to the merits of a case and should not be evaluated at
the notice stage of conditional certification.  *See Gonzalez v. Tier One Sec., Inc.*, No. SA-12-CV-
806-XR, 2013 WL 1455587, *2 (W.D. Tex. Apr. 8, 2013) ("Defendants' argument that their
classification of the security guards as independent contractors (and not employees) wholly dictates
that conditional certification is inappropriate is without merit"); *Richard v. Flower Foods, Inc.*, No.

4

6:15-CV-2557, 2016 WL 6989349, *7 (W.D. La. Nov. 28, 2016) (stating that "such inquiry as to the true employment status of Plaintiffs should be addressed at the decertification stage after discovery has occurred"); *Edwards v. Multiband Corp.*, Civ. No. 10-2826, 2011 WL 117232, *4 (D. Minn. Jan. 13, 2011) (finding that the Court should not address arguments that go to the merits of the plaintiff's claims at the notice stage of certification).  The Court concludes that the question of whether class members are employees or independent contractors should be addressed at the decertification stage after discovery has occurred.

The undersigned finds that Plaintiff has met his initial burden to show that welders were subject to a single plan or policy that violates the law.  Plaintiff generally alleges in his Complaint that Defendant enacted a policy of classifying welders as independent contractors, rather than employees, and then paying them straight time for overtime.  (Filing No. 1.)  Plaintiff's Complaint alleges that the putative class members performed the same or similar job duties and were subjected to the same or similar policies and procedures.  The Complaint further alleges that the putative class members worked similar hours and were denied overtime as a result of the same illegal pay practice. Given these allegations and the evidence presented, the undersigned concludes that Plaintiff has met the lenient standard for conditional certification.

## 2.    Notice and Consent Forms

Defendant argues that, in the event the Court grants conditional certification, Plaintiff's proposed notice and consent forms, schedule, and process for providing notice should not be approved. Defendant asserts that (1) the case caption should not be used as a heading on Plaintiff's proposed notice; (2) the case description and definition of individuals who receive notice is skewed in favor of Plaintiff; (3) the disclosure of the welders' telephone numbers is not warranted; (4) the proposed methods of dissemination of the notice are inappropriate; and (5) the opt-in period is too long.

The undersigned agrees with Defendant that the case caption should not be used as a heading on Plaintiff's proposed notice.  As this Court has previously observed, "placing the court name in the heading is improper because it may be misconstrued as judicial support for the plaintiffs'

litigation." *Martinez*, 265 F.R.D. at 499-501.  The heading proposed by Defendant at Filing No. 33 at CM/ECF p. 18 should be used.

Defendant contends that the case description and definition of individuals who will receive notice as proposed by Plaintiff is skewed in Plaintiff's favor.  Plaintiff's proposed language provides that notice is being "sent to persons who are identified by [Defendant's] records as current or former welders who were classified as independent contractors and paid the same hourly rate for all hours worked (including those hours in excess of 40 hours in a single workweek) and no overtime compensation." (Filing No. 24-2.)  Defendant requests that this language be modified to state that notice is being sent to "independent contractor welders engaged by [Defendant] and paid an hourly rate in the last three (3) years." (Filing No. 33 at CM/ECF 18.)  The undersigned agrees that Plaintiff's proposed language is slanted towards Plaintiff's position.  Defendant's definition of individuals who will receive notice should be adopted.

Defendant next argues that the disclosure of the welders' telephone numbers is unnecessary.  The undersigned finds that because Defendant has agreed to provide addresses for the welders, the disclosure of telephone numbers is not warranted. *See Martinez*, 265 F.R.D. at 501 (denying request for telephone numbers where there was no evidence that the employer was "unable or unwilling to provide correct and current addresses").  However, in the event current addresses cannot be provided, the need for the disclosure of telephone numbers may be reconsidered.

Defendant further complains that Plaintiff's proposed methods for dissemination of the notice are inappropriate.  Plaintiff seeks to disseminate notice through: (1) an initial mailing and emailing; (2) posting of the notice and consent forms on all of Defendant's jobsites; (3) a second mailing and emailing; and (4) Plaintiff's counsel calling putative class members.  The undersigned concurs with Defendant that this notification process is excessive.  The undersigned finds that Plaintiff should be limited to a one-time mailing and emailing of notice and consent forms to potential class members.  In the event mail or email is returned as undeliverable, the need for follow-up notice may be reconsidered.

Defendant also requests that the opt-in period be limited to 45 days. However, the undersigned finds that the 60-day period proposed by Plaintiff is acceptable.

Accordingly,

**IT IS HEREBY RECOMMENDED** to Senior United States District Court Judge Richard Kopf that Plaintiff's Motion for Conditional Certification and Notice to Putative Class Members (Filing No. 24) be granted in accordance with the terms set out above.

**IT IS HEREBY ORDERED** that the parties shall confer and jointly submit a proposed case progression schedule to bazis@ned.uscourts.gov by October 3, 2018.

Dated this 19th day of September, 2018.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

### ADMONITION

A party may object to a magistrate judge's order by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. Failure to timely object may constitute a waiver of any objection.