# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MATTHEW FONTENOT, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> MCNEIL INDUSTRIAL, INC., <br><br> Defendant. | Case No.: 4:17-cv-03113 <br><br><br> **BRIEF IN SUPPORT OF DEFENDANT'S STATEMENT OF OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION AND ORDER** |

Pursuant to NECivR 72.2 (a), Defendant McNeil Industrial, Inc. ("McNeil"), respectfully submits this Brief in Support of its Statement of Objections to Magistrate Judge's Findings and Recommendation and Order ("Findings"), which recommended that Fontenot's Motion for Conditional Certification and Notice to Putative Class Members ("Motion for Conditional Certification") (Filing No. 24) be granted in accordance with its terms. For the reasons set forth below, the Court should enter an Order overruling the Magistrate Judge's Findings. *See* (Filing No. 47). To the extent this Court affirms the Magistrate Judge's Findings, and it should not for the reasons set forth herein, McNeil respectfully requests that the Court affirm the Magistrate Judge's Findings relating to the Notice and Consent Forms to putative class members. *See* (*Id.*, pp. 5-7).

## INTRODUCTION

This case is not appropriate for conditional certification, and the Magistrate Judge erred when she recommended that Fontenot's Motion for Conditional Certification be granted in accordance with her Findings. *See* (Filing No. 47 at ECF p. 7). Fontenot's burden at the conditional certification stage is to present evidence that other independent contractor welders desire to opt in to his proposed class and that he and other independent contractor welders are similarly situated.

1

Fontenot fails to meet this burden because (1) there is not one independent contractor welder who desires to opt-in although the lawsuit has been on file well over a year, and (2) Fontenot cannot shows that others are similarly situated. Accordingly, this Court should enter an Order overruling the Magistrate Judge's Findings.

First, Fontenot has not and cannot show that other independent contractor welders desire to opt in to this litigation. In fact, the only other welder who initially consented to opt-in, Zach Peterson ("Peterson"), has withdrawn his consent.[1] This action was filed more than a year ago, and Fontenot has been unable to identify anyone else who wants to opt-in. Second, Fontenot cannot and did not show that he is similarly situated to any other independent contractor welders. McNeil, on the other hand, has provided evidence of significant variations between the independent contractor welders as a whole, making conditional certification inappropriate in this case. *See Martinez v. Cargill Meat Sols.*, 265 F.R.D. 490, 497 (D. Neb. 2009) (Kopf, J.) (stating "if a trial would require 'individualized determinations to resolve the claims of each plaintiff, certification as a collective action may be inappropriate.'"). Accordingly, conditional certification is inappropriate at this time.

## FACTUAL BACKGROUND

McNeil refers the Court to the factual background set forth in McNeil's Brief in Opposition to Fontenot's Expedited Motion for Conditional Certification and Notice to Putative Class Members ("Brief in Opposition"). *See* (Filing No. 33 at ECF pp. 2-4).

---

[1] The Declaration of Eddie Villanueva shows that Peterson sent Mr. Villanueva a text on September 20, 2018 stating that he spoke to the lawyer and has withdrawn from the lawsuit. (Ex. 1, Declaration of Eddie Villanueva ("Villanueva Dec."), ¶ 5, Ex. A). McNeil does not know why Fontenot has failed to file Peterson's withdrawal of consent with the Court.

# LEGAL STANDARD

## I. Legal Standard for Statement of Objection to Magistrate Judge's Findings

Upon objection by a party to a magistrate judge's order on a non-dispositive pretrial matter, the district judge considers the objections and may modify or set aside any part of the order shown to be clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a); *see also Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *See E3 Biofuels, LLC v. Biothane, LLC*, Case 8:11-cv-44, 2013 WL 3337315, at *2 (D. Neb. July 2, 2013) (citing *Saleen v. Waste Mgmt., Inc.*, 649 F.Supp.2d 937, 943 (D. Minn. 2009) (internal quotation marks and additional citation omitted)); *Schinzing v. Mid-States Stainless, Inc.*, 415 F.3d 807, 813 (8th Cir. 2005). "An order is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *E3 Biofuels*, 2013 WL 3337315, at *2 (citing *Haviland v. Catholic Health Initiatives-Iowa, Corp.*, 692 F.Supp.2d 1040, 1043 (S.D. Iowa 2010)).

Although magistrate judges are empowered to hear and determine pre-trial matters, review of those determinations depends on whether the issue is dispositive or non-dispositive. *See* 28 U.S.C. § 636(b). For non-dispositive matters, a magistrate issues an order which, upon objection, is reviewed by the district court under a 'clearly erroneous' standard. *Id.* For dispositive matters, however, the magistrate is empowered to make findings or recommendations to the district court, which are reviewed *de novo*. *Id.* Final decision-making authority is vested with the district court judge, who must make the final determination on dispositive matters. *See Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1463-64 (10th Cir. 1988).

When determining whether a motion is dispositive, courts consider "whether the nature of a motion was dispositive, regardless of whether the motion actually appeared on the list [in §636(b)(1)(A)]. If a motion was determined to be dispositive in nature, a magistrate judge could not exercise decision-making power, but could only issue findings and a recommendation as provided by § 636(b)(1)(B). The district court would accordingly conduct a *de novo* review of those findings upon a party's objection." *Segal v. L.C. Hohne Contractors, Inc.*, 303 F. Supp. 2d 790, 793 (S.D. W.Va. 2004) (citations omitted). McNeil believes that review in this instance is a *de novo* review because conditional certification is a dispositive matter as to the class action.

## II.  Legal Standard on Motion for Conditional Class Certification

Under § 216(b) of the Fair Labor Standards Act (the "FLSA"), "a collective action may be maintained 'by any . . . employee [ ] for and in behalf of himself . . . and other employees similarly situated' to recover damages for the failure to pay minimum or overtime wages." *Morales v. Greater Omaha Packing Co.*, No. 8:08CV161, 2009 WL 1650016, at *3 (D. Neb. June 9, 2009) (quoting 29 U.S.C. § 216(b)). With a collective action under the FLSA, "no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he [or she] has affirmatively 'opted into' the class; that is, given his [or her] written, filed consent." *Martinez*, 265 F.R.D. at 496 (quoting *Schmidt v. Fuller Brush Co.*, 527 F.2d 532, 536 (8th Cir. 1975)).

Courts in this District generally follow a two-stage process with collective actions under the FLSA. *See Martinez*, 265 F.R.D. at 496; *Morales*, 2009 WL 1650016, at *4.

> At the first stage, a class is conditionally certified on a relatively minimal showing, and then prospective plaintiffs can opt in to the action by filing consent forms. At the second stage, which almost always follows substantial discovery, plaintiffs must make a stronger showing to continue to proceed on a collective basis. If plaintiffs cannot make this stronger showing at the second stage, the conditionally certified class is decertified. Typically the second stage is triggered when the defendant moves to decertify the conditionally certified class."

4

*Id.*, at *4 (quoting *Parler v. KFC Corp.*, 529 F.Supp.2d 1009, 1011 (P. Minn. 2008)). It is at this first stage where the court must determine whether there are other individuals "who desire to 'opt-in' and are 'similarly situated' [to the named plaintiff] with respect to their job requirements and with regard to their pay." *Martinez*, 265 F.R.D. at 496 (quoting *Dybach v. State of Fla. Dept. of Corrections*, 942 F.2d 1562, 1567 (11th Cir. 1991).

## ARGUMENT

In its Motion for Conditional Certification, Fontenot asked the Court to conditionally certify a collective action pursuant to 29 U.S.C. § 216(b) of the FLSA and issue Fontenot's proposed notice and consent form to putative collective class members. The FLSA does not require notice to putative collective class members, but rather, permits courts to facilitate notice in "appropriate cases." *See Hoffmann-LaRoche Inc. v. Sperling*, 493 U.S. 165, 169 (1989) (holding that "district courts have discretion, in appropriate cases, to implement 29 U.S.C. 216(b) . . . by facilitating notice to potential plaintiffs."). To determine whether a case is appropriate for conditional certification, "based on a limited record, the court must initially determine whether there are 'other [individuals] of the defendant[ ] who desire to "opt-in" and are "similarly situated" [to the named plaintiff] with respect to their job requirements and with regard to their pay provisions.'" *Martinez*, 265 F.R.D. at 496 (Kopf, J.) (quoting *Dybach*, 942 F.2d at 1567). Fontenot has not come forward with sufficient evidence indicating that this is an "appropriate case" for collective-action status. *See Parker v. Rowland Express, Inc.*, 492 F.Supp.2d 1159, 1165 (D. Minn. 2007) (finding that in the absence of evidence that individuals desired to opt in, there was no basis to "conclude that the action was an 'appropriate case' for collective-action treatment.").

McNeil refers the Court to McNeil's arguments contained in its Brief in Opposition, *see* (Filing No. 33 at ECF pp. 5–16), with the notable exception that Peterson, the only other welder

5

4817-5839-8069.2

who had previously opted-in to the lawsuit, has now withdrawn his consent to join. *See* (Ex. 1, Villanueva Dec., ¶ 5, Ex. A). For the reasons set forth in McNeil's Brief in Opposition and those set forth below, the Court should enter an Order overruling the Magistrate Judge's Findings in which she recommended that the Court grant Fontenot's Motion for Conditional Certification.

**I.   Fontenot Has Not Shown that Other Independent Contractor Welders Desire to Opt In to This Lawsuit.**

This action is not appropriate for collective-action treatment because other than his own belief that others desire to opt-in to this lawsuit, Fontenot's submissions are void of any other evidence. *See* (Filing No. 24-3, ¶¶ 22); *Parker*, 492 F.Supp.2d at 1165 (stating "in the absence of such evidence, there would be no basis upon which the Court could conclude that the action was an 'appropriate case' for collective-action treatment."). Fontenot cannot satisfy his burden of presenting substantial allegations that other independent contractor welders desire to opt in to this lawsuit. *See Morales*, 2009 WL 1650016, at *4 (stating that, in moving for conditional certification, plaintiff must "come forward with something more than mere averments" and the court should determine whether plaintiff "established substantial allegations").

The only other welder, Peterson, who had previously joined Fontenot's lawsuit, has now withdrawn from the lawsuit. (*See* Ex. 1, Villanueva Dec., ¶ 5, Ex. A). Since the filing of the lawsuit in August of last year, Fontenot has not identified any other welder who desires to opt-in to his lawsuit. McNeil, on the other hand, has provided the Court with Declarations of twenty-one independent contractor welders who do not want to join Fontenot's lawsuit. *See* (Filing No. 33 at ECF p. 10; Filing No. 34, Exs. 3-24).

   A.   *Fontenot's Speculation Does Not Satisfy His Burden of Showing that Others Desire to Opt In to this Lawsuit.*

6

Courts within and outside of this Circuit require the plaintiff to "do more than show the mere *existence* of other similarly situated persons"; rather, the "named plaintiff . . . must proffer some evidence that other similarly situated individuals desire to opt in to the litigation." *Parker,* 492 F.Supp.2d at 1165 (finding plaintiffs' affidavits stating they "believe that . . . many other independent contractor driver/couriers worked in excess of forty (40) hours per week and did not receive overtime compensation . . . . insufficient to satisfy Plaintiffs' burden"). *See also Butcher v. Delta Memorial Hosp.*, No. 5:12CV00241 SWW, 2013 WL 1668998, at *3-4 (E.D. Ark. Apr. 17, 2013) (stating that "plaintiffs must do more than speculate that putative opt-in plaintiffs would be interested in joining a collective action" and denying conditional certification even when all six of the named plaintiffs submitted affidavits regarding the similarly of their own claims); *Andersen v. Wells Fargo Fin., Inc.*, No. 4:11-CV-00085, 2012 WL 12871956, at *5 (S.D. Iowa Dec. 11, 2012) (acknowledging that other district courts within the Eighth Circuit have required the plaintiff to "proffer some evidence that other similarly situated individuals desire to opt in to the litigation" and denying conditional certification); *Johnson v. VCG Holding Corp.*, 802 F. Supp. 2d 227, 237 (D. Me. 2011) (denying conditional certification where the plaintiffs' declarations did not identify other individuals who intended to join the litigation); *Harlow v. Legend Energy Servs., LLC*, No. 4:16-CV-02324, 2017 WL 4856775, at *2 (S.D. Tex. Oct. 26, 2017) (denying conditional certification because the plaintiff "has not included any affidavits from other potential class members, nor does he allege that he is aware of any specific individuals who are interested in joining the lawsuit."); *Detho v. Bilal*, No. CIV.A. H-07-2160, 2008 WL 2962821, at *1-3 (S.D. Tex. July 29, 2008) (finding no basis to conclude that the case was an "appropriate case" for collective-action status where the plaintiff's affidavit stated that "she believes that other employees will be interested.").

Like other courts within and outside of the Eighth Circuit, this Court has explained that more is required in order to grant conditional certification than what Fontenot has provided. *See Martinez*, 265 F.R.D. at 499-501 (Kopf, J.) (stating "the court must initially determine whether there are 'other employees of the defendant [ ] who desire to 'opt-in' and are 'similarly situated' [to the named plaintiff] with respect to their job requirements and with regard to their pay provisions.'"); *King v. West Corp.*, No. 8:04CV318, 2006 WL 118577, at *12 (D. Neb. Jan. 13, 2006) (stating the same at the second stage of the FLSA collective-action mechanism); *Lopez v. Tyson Foods*, No. 8:06CV459, 2008 WL 3485289, at *8 (D. Neb. Aug. 7, 2008) (explaining "[c]ourts who have faced the question of whether movants established substantial allegations have considered factors such as whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted . . . .").

Therefore, before granting Fontenot's conditional certification motion, this Court should have considered whether Fontenot identified other potential plaintiffs and whether declarations of other potential plaintiffs have been submitted. *See Morales*, 2009 WL 1650016, at *4 (quoting *H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D.Tex.1999) (stating that on motions for conditional certification, courts should consider "factors such as whether potential plaintiffs were identified [and] whether affidavits of potential plaintiffs were submitted.").

As this matter currently stands, this Court would be certifying a collective action with nothing more than one plaintiff and that plaintiff's general allegation that he believes that others would be willing to join. Other courts have found that even two plaintiffs are insufficient for conditional certification. *See Parker*, 492 F.Supp.2d at 1165 & n.4 (finding that "two plaintiffs . . . is insufficient" to render conditional certification proper because granting conditional certification in such a case would "render preliminary class certification automatic, as long as the

8

Complaint contains the magic words: "Other employees similarly situated."); *Butcher*, 2013 WL 1668998, at *3 (stating that without a requirement that plaintiff "must do more than speculate" that others desire to join, "the parties and the Court could waste valuable resources issuing notice to potential plaintiffs only to find that the case cannot proceed as a collective action."); *Collins v. Barney's Barn, Inc.*, No. 4:12CV00685 SWW, 2013 WL 1668984 (E.D. Ark. Apr. 17, 2013) (finding the same).

To the extent Fontenot argues that the only way he can provide evidence that others seek to join the lawsuit is through certifying the collective action and providing notice, such an argument is unavailing. *See Parker*, 492 F.Supp.2d at 1166-67 (stating that "an FLSA plaintiff is not entitled to conditional certification simply to seek out others who might wish to join the action."); *Detho v. Bilal*, No. CIV.A. H-07-2160, 2008 WL 1730542, at *5 (S.D. Tex. Apr. 10, 2008) (stating the same and denying motion for conditional certification).

Like the plaintiffs in the cases denying conditional certification, Fontenot presents only his own speculation with no supporting documentation that he "believe[s]" other independent contractor welders would be interested to learn of "their opportunity to join this lawsuit." *See* Filing No. 24-3, ¶ 22). That is insufficient to satisfy his burden. *See Butcher*, 2013 WL 1668998, at *3-4 (stating that "plaintiffs must do more than speculate that putative opt-in plaintiffs would be interested in joining a collective action.").

> B. *McNeil has Shown Substantial Evidence that Others do Not Desire to Opt In to this Lawsuit.*

In sharp contrast to Fontenot's weak evidence in his declaration, McNeil offered as part of its Opposition several Declarations of independent contractor welders who have no desire to join

9

this lawsuit. *See* (Filing No. 33 at ECF p. 10; Filing No. 34, Exs. 3-24). This is significant because courts often look at this exact kind of evidence to deny conditional certification.

For instance, in *Saxton v. Title Max of Alabama, Inc.*, the court denied the plaintiffs' motion for conditional certification and notice, holding the motion failed "for want of any reasonable basis for the court to conclude that an interest to opt-in exists." 431 F. Supp. 2d 1185, 1188 (N.D. Ala. 2006). The court found particularly persuasive the fact that the defendant produced "substantial evidence," which included affidavits from members of the potential opt-in class indicating they "have no interest in opting in to [the] lawsuit." *See id.* at 1187-88. *See also Wombles v. Title Max of Alabama, Inc.*, No. 3:03-CV-1158-C, 2005 WL 3312670 (M.D. Ala. Dec. 7, 2005) (denying the plaintiffs' motion for conditional certification based in part on a comparison of the six named plaintiffs' affidavits stating that they "believe" other managers would join to the defendants' submission of employee affidavits in opposition to the plaintiffs' motion).

In light of the Court's task to consider evidence that individuals desire to opt in, courts approve of collective action defendants gathering facts to resist conditional certification, as McNeil did in this case. *See Kerce v. West Telemarketing Corp.*, 575 F.Supp.2d 1354, 1366 (S.D. Ga. 2008) (denying plaintiff's motion to strike the defendant's declarations of potential class members saying they have no interest in pursuing the litigation because "each side has the right to communicate with potential class members."). *See also Snide v. Disc. Drug Mart, Inc.*, No. 1:11CV0244, 2011 WL 5434016, at *9 (N.D. Ohio Oct. 7, 2011), *report and recommendation adopted*, No. 1:11-CV-00244, 2011 WL 5452153 (N.D. Ohio Nov. 8, 2011) (finding that "[a] defendant employer may communicate with its employees prior to certification of a putative collective action brought under the FLSA" and that "[t]he employer's right to communicate with employees is also protected by the First Amendment.").

10

Further bolstering the veracity of the declarations of the independent contractor welders is the fact that the independent contractor welders have also been contacted by plaintiff's counsel and aggressively recruited to join the lawsuit, which they have declined to do. Accordingly, Fontenot's argument that he cannot communicate with the independent contractor welders in order to determine whether others desire to join this lawsuit is disingenuous and unconvincing. *See* (Filing No. 24-1, p. 7; Filing No. 34, Ex. 2, Villanueva Dec. ¶¶ 3-4, Ex. A).

Accordingly, this Court should follow other district courts both within and outside the Eighth Circuit and require Fontenot to do more than speculate before putting McNeil "to the expense and effort of notice to a conditionally certified class of claimants." *See Detho*, 2008 WL 2962821, at *2. With such a requirement, Fontenot's Motion should be denied because there is no "reasonable basis for the court to conclude that an interest to opt-in exists," especially in light of the sharp contrast between Fontenot's declaration that he "believe[s] other McNeil welders would be interested" and the actual declarations of independent contractor welders. *See Saxton*, 431 F. Supp. 2d at 1188; (Filing No. 24-3); (Filing No. 33 at ECF p. 10; Filing No. 34, Exs. 3-24). *See also Anderson*, 2012 WL 12871956, at *5 (reasoning that in the absence of evidence that other similarly situated individuals desire to opt in, there is "no basis upon which the [c]ourt could conclude that the action was an "appropriate case" for collect[ive]-action treatment.").

## II. Determining Whether the Independent Contractor Welders were Misclassified Requires Individualized Proof, Such that the Independent Contractor Welders are Not Similarly Situated.

On the similarly situated question, Fontenot needed to present evidence 'establishing a colorable basis that the putative class members are the victims of a single decision, policy, or plan.'" *Morales*, 2009 WL 1650016, at *4 (quoting *Burch v. Qwest Commc'ns Int'l, Inc.*, 500

11

F.Supp.2d 1181, 1186 (P. Minn. 2007)). This means that Fontenot "must present more than mere allegations; *i.e*., some evidence to support the allegations is required." *Martinez*, 265 F.R.D. at 496 (Kopf, J.) (quoting *Young v. Cerner Corp.*, 503 F.Supp.2d 1226, 1229 (W.D. Mo. 2007)). This is yet another burden that Fontenot failed to satisfy.

In determining whether proposed collective class members were subject to a single practice of the defendant, courts have, in fact, held that putative plaintiffs are not similarly situated if answering the question of whether they were misclassified requires individualized proof. *See Bamgbose v. Delta-T Group, Inc.*, 684 F.Supp.2d 660, 668-69 (E.D. Penn. 2010) (reasoning that the court must determine "whether the proof to demonstrate that the workers are 'employees' or 'independent contractors' can be applied to the class as a whole."); *Christianson v. NewPark Drilling Fluids, LLC*, No. CIV.A. H-14-3235, 2015 WL 1268259, at *4 (S.D. Tex. Mar. 19, 2015) ("evaluating whether Plaintiff has demonstrated that he and the putative class members are similarly situated for purposes of applying the economic realities test at the appropriate phase of the case in the future" and denying conditional certification); *Andel v. Patterson-UTI Drilling Co.*, 280 F.R.D. 287, 290 (S.D. Tex. 2012) (finding that the "briefs and evidence show that there are enough differences between each individual Plaintiff that the court would still be required to conduct individualized analysis of each putative plaintiff" and such "individualized analysis would contravene a primary purpose behind class action lawsuits, *i.e.*, the promotion of judicial economy.") ; *Demauro v. Limo, Inc.*, No. 8:10-CV-413-T-33AEP, 2011 WL 9191, at *4 (M.D. Fla. Jan. 3, 2011) (finding that the determination on whether the workers were misclassified would require separate examination for each worker, and stating that this "necessarily individualized assessment eviscerates all notions of judicial economy that would otherwise be served by conditional class certification."). Accordingly, with a misclassification case, like the one Fontenot

4817-5839-8069.2

alleges, the Court should "determine whether the proof to demonstrate that the workers are 'employees' or 'independent contractors' can be applied to the class as a whole." *See Andel*, 280 F.R.D. at 290.

The facts of this case are substantially similar to those in *Andel*. In *Andel*, the court denied the plaintiff's motion for conditional certification because individualized inquiries would be required. *See id.* For instance, among the four named plaintiffs:

> the number of hours worked each week varied significantly; the number of hours worked each day varied significantly; the pattern of days on and days off of work varied significantly; the pattern of invoice submission varied significantly; and the length of time each Plaintiff worked for Defendant varied significantly. . . . . the Court notes that each Plaintiff's relative investments and ability to control his opportunities for profit and loss also varied significantly, including how much he spent on equipment and supplies, whether or not he purchased general liability insurance, and whether or not he paid an assistant to help with bookkeeping.

*Id.* Because of these significant variations between the potential plaintiffs as a whole, the court denied conditional certification. *Id.*

Here, McNeil rebutted Fontenot's evidence by providing proof of variations among the welders, such that any determination of whether the welders are employees or independent contractors cannot be applied to the class as a whole. *See* (Filing No. 34, Ex. 1, Declaration of Bernard McNeil, dated April 6, 2018). The independent contractor welders are engaged on a project by project basis. (*Id.*, ¶ 13). The welders do not all work on the same project at the same time, the number of hours and length of time they are performing services may vary significantly, and they are not all performing services at the same location. (*Id.*, ¶¶ 13-14). There are also differences between each independent contractor welder's level of investment in their essential tools and equipment. (*Id.*, ¶¶ 9-11). Additionally, independent contractor welders offer their services through a variety of business entity structures, but not all welders' businesses are structured the same. (*Id.*, ¶ 12). Thus, this Court cannot later resolve the misclassification question

in this case without individualized determinations. *See Andel*, 280 F.R.D. at 290. *See also Martinez*, 265 F.R.D. at 497 (Kopf, J.) (stating that "if a trial would require 'individualized determinations to resolve the claims of each plaintiff, certification as a collective action may be inappropriate.'").

## CONCLUSION

For all of the foregoing reasons, McNeil Industrial, Inc. respectfully requests that the Court overrule that portion of the Magistrate Judge's Findings recommending that Fontenot's Motion for Conditional Certification be granted. If this Court affirms the Magistrate Judge's Findings—which it should not—then McNeil respectfully requests that the Court affirm that portion of the Magistrate Judge's Findings relating to the Notice and Consent Forms to putative class members.

Dated this 3rd day of October, 2018.

MCNEIL INDUSTRIAL, INC. Defendant

By: */s/ Minja Herian*

Margaret C. Hershiser, #19545
Minja Herian, #24669
Nathan T. Burkman, #25210
Alyssa M. Stokes, #26400
KOLEY JESSEN P.C., L.L.O.
One Pacific Place, Suite 800
1125 South 103rd Street
Omaha, NE 68124-1079
(402) 390-9500
(402) 390-9005 (facsimile)
Margaret.Hershiser@koleyjessen.com
Minja.Herian@koleyjessen.com
Nathan.Burkman@koleyjessen.com
Alyssa.Stokes@koleyjessen.com

*Attorneys for Defendant McNeil Industrial, Inc.*

4817-5839-8069.2

**CERTIFICATE OF SERVICE**

  I hereby certify that on October 3, 2018, I served the foregoing Statement of Objections to Magistrate Judge Susan M. Bazis' Findings and Recommendation and Order by electronically filing the above and foregoing with the Clerk of the U.S. District Court using the CM/ECF system.

                    */s/ Minja Herian*